IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMY MILLER *et al.* : | |
| : | Case No. C-1-04-735 |
| Plaintiffs : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER GRANTING |
| J. KENNETH BLACKWELL *et al.* : | PLAINTIFFS' MOTION TO |
| : | DISMISS ACTION AND |
| Defendants : | COUNTERCLAIMS |
| : | |
| : | |

This matter comes before the Court on Plaintiffs' Motion to Dismiss Action and Counterclaims (doc. #46). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

Plaintiffs Amy Miller, Mindi Haddix, and the Ohio Democratic Party (collectively, "Plaintiffs") filed a Complaint for Declaratory and Injunctive Relief (doc. #1) and Motion for a Temporary Restraining Order (doc. #2) on October 26, 2004. Amy Miller and Mindi Haddix sued on their own behalf and on behalf of those similarly situated ("Plaintiff Voters").[1] The Ohio Democratic Party sued on its own behalf and on behalf of its members. Defendants in the

---

[1] Plaintiffs requested that the Court certify a class of plaintiffs similarly situated to Plaintiffs Miller and Haddix. In its order granting Plaintiffs' motion for a temporary restraining order, this Court certified a class of Plaintiff Voters pursuant to Federal Rule of Civil Procedure 23. The Court appointed Plaintiffs Miller and Haddix as joint class representatives, and appointed their counsel, Ms. Virginia Whitman, as class counsel. The Court stated that it would later issue a written order on class certification. As it finds that this action is now moot, the Court declines to issue a written order certifying a Plaintiff class.

1

case are the State of Ohio ("the State"), who intervened in the case, the Ohio Secretary of State, J. Kenneth Blackwell, in his official capacity, the Boards of Elections of all eighty-eight counties in Ohio, and all of those Boards' members in their official capacities, and Intervenor Defendants Kevin Craft and Greg Lawson, two individual voters.

Plaintiffs brought their claims pursuant to 42 U.S.C. § 1973gg-9 and 42 U.S.C. § 1983. Plaintiffs alleged that the timing and manner in which the Defendant Boards of Election intended to hold hearings regarding pre-election challenges to the Plaintiff Voters' voter registration before the November 2, 2004 election violated both the National Voter Registration Act and the Due Process Clause of the Constitution. On October 27, 2004, the Court rendered an oral decision granting Plaintiffs' motion for a temporary restraining order, and later issued a written order. The order enjoined the Defendant Boards of Elections from issuing notices or conducting hearings regarding the pre-election challenges to voter eligibility at issue in this case, and enjoined Defendant Blackwell from mandating or enforcing such procedures, pending the Court's decision on a preliminary injunction.

On October 28, 2004, several Defendants filed motions in the United States Court of Appeals for the Sixth Circuit for an emergency stay of the Court's order. On October 29, 2004, the Sixth Circuit denied those motions. See Miller v. Blackwell, 388 F.3d 546, 547 (6th Cir. 2004). Thus, this Court's temporary restraining order remained in effect through the election on November 2, 2004. On November 15, 2004, the State and Secretary Blackwell filed an answer to Plaintiffs' amended complaint, and the State also filed a counterclaim seeking a declaratory judgment that Ohio Revised Code Section 3503.24, the statute providing the voter challenge procedure at issue in the case, is constitutional and does not violate the National Voter

Registration Act, 42 U.S.C. § 1973gg-9 (doc. #37.).[2]

Plaintiffs argue that they now lack standing to pursue this case and the Court therefore lacks jurisdiction to proceed. Standing involves two levels of inquiry: 1) whether the plaintiff has shown that a "case or controversy" exists, which can be shown by proving actual injury or injury in fact likely to be redressed by a favorable decision; and 2) whether the plaintiff is the proper proponent of the rights on which the action is based. See Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati, 822 F.2d 1390, 1394 (6th Cir. 1987).

Plaintiffs point out that the election is over and that no voter's eligibility is currently being challenged under the statute at issue, and thus argue that no one has an immediate concrete interest in the outcome of the case. Plaintiffs also argue that the State's counterclaim seeking a declaratory judgment is "merely abstract and hypothetical." Plaintiffs conclude that their claims and the State's counterclaim fail the "case or controversy" requirement, depriving the parties of standing and rendering this case moot.

The State argues that this case falls within the Weinstein exception to the mootness doctrine for issues "capable of repetition, yet evading review." In Weinstein v. Bradford, 423 U.S. 147, 149 (1975), the Supreme Court created an exception to the mootness doctrine for those cases where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." The State is correct that some federal courts have applied the Weinstein exception in cases involving elections even when the elections have

---

[2] The only other Defendant to file an answer to Plaintiffs' amended complaint was Defendant Erie County Board of Elections ("Erie"), in which it contended that Plaintiffs' claims were moot. Erie also filed a Consent to Plaintiffs' Voluntary Dismissal (doc. # 48).

passed. See, e.g., Storer v. Brown, 415 U.S. 724 (1974), Rosario v. Rockefeller, 410 U.S. 752 (1973). In the context of class action cases involving elections, the exception may be applied to both facial and as applied challenges. See Storer, 415 U.S. at 737 n.8.

The Weinstein exception is not applicable in this case because there is no reason to believe that the actions giving rise to this case will recur. The State argues that there is a reasonable likelihood that the events that occurred here would occur again in future elections because it is "likely, that future individuals who are similarly situated to the Plaintiffs in the instant case will attempt to prevent others from challenging registered electors in the manner prescribed" by the challenged statutes. (See doc. # 49, p. 3.) The State misconstrues the relevant events for the purpose of the second prong of the Weinstein exception. The relevant event is not, as the State suggests, Plaintiffs' filing suit to prevent challenges, but rather the event that *caused* Plaintiffs to file suit: the coordinated challenge of more than 35,000 voters' eligibility on the eve of the election.

The State has presented no evidence creating a reasonable expectation that the unprecedented events which led to Plaintiffs' challenge will recur before subsequent elections. The State's "conclusory assertions that the actions are capable of repetition are not sufficient to satisfy the Weinstein test." See Dean v. Austin, 602 F.2d 121, 124 (6th Cir. 1979) (affirming dismissal for mootness of constitutional challenge to election procedure where election over and no evidence that actions leading to plaintiff's challenge would be repeated) (quoting Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 187-88 (1979)).

Thus, this case does not fall within the Weinstein exception to the mootness doctrine, and the case is moot. Because there is no live controversy between the parties, the State is seeking

4

not a declaratory judgment but rather an advisory opinion.  See Michigan State Chamber of Commerce v. Austin, 788 F.2d 1178, 1181-82 (6th Cir. 1986).  Consequently, the Court must dismiss this case.  See id. at 1182.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Dismiss Action and Counterclaims (doc. # 46).

IT IS SO ORDERED.


    s/Susan J. Dlott

Susan J. Dlott
United States District Judge